Darryl Steele
Reg. No. 11666-055
FCI McKean
P.O. Box 8000
Bradford, PA. 16701-0980

Plaintiff pro se

FILED

MAY - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE RE-ASSIGNED

JUN 21 2006

ROBERTSON, J. JR

RECEIVED

APR 24 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DARRYL STEELE,              )
                            )   CASE NUMBER   1:06CV00866
        Plaintiff,          )
                            )   JUDGE: Unassigned
vs.                         )
                            )   DECK TYPE: FOIA/Privacy Act
FEDERAL BUREAU OF PRISONS,  )
                            )   DATE STAMP: 05/09/2006
        Defendant.          )

CIVIL COMPLAINT

I. Jurisdiction.

The jurisdiction of this Court is found in the Freedom of Information Act, 5 U.S.C. § 552, the Privacy Act of 1974, 5 U.S.C. § 552a, and the Administrative Procedures Act, 5 U.S.C. §§ 551 et seq, 701 et seq.

Venue is also proper in this Court pursuant to 5 U.S.C. §§ 552, 552a.

II. Parties.

1. THE PLAINTIFF: Darryl Steele is (and was) at all times mentioned in this complaint, incarcerated at the Federal Correctional Institution, McKean County, Pennsylvania. His mailing address is: Darryl Steele, Reg. No. 11666-055, FCI McKean, P.O. Box 8000, Bradford, PA. 16701-0980.

2. THE DEFENDANT: Federal Bureau of Prisons is a Federal Agency within the meaning contemplated by 5 U.S.C. §§ 552, 552a, 551 et seq., 701 et seq. The defendant's central office is: Federal Bureau of Prisons, 320 First Street, N.W., Washington D.C. 20534.

1

III <u>Administrative Remedies</u>.

The Plaintiff has exhausted all available administrative remedies required by law. Copies are attached hereto.

IV <u>Cause of Action</u>

The Defendant agency has made an adverse determination against the Plaintiff based on information in their possession which is inaccurate and untrue. The Defendant agency claims that the information is true and does not need to be verified since the Plaintiff has not "proved" that the information is untrue.

Defendant has been utilizing a police report to penalize Plaintiff for "offense conduct" and to score the Plaintiff 7 points on the Plaintiff's custody score for violence (serious). This purported police report alleges that the plaintiff "beat a victim unconcious and that this victim was transported by ambulance to the hospital."

First, the Defendant agency refused to contact the State Courts to verify that the Defendant had, in fact, been convicted for offense behavior as described above. Plaintiff advised the Defendant agency that they would not be able to verify this information, as Plaintiff has never been convicted of conduct as related above.

Second, Bureau of Prisons Program Statement 5100.07 requires that a judicial adjudication of guilt be issued before the defendant agency can utilize this information to the Plaintiff's detriment. There has been no judicial finding of guilt in this matter. Therefore the Defendant agency is in violation of the Administrative Procedures Act which requires the Defendant agency to follow its own rules and regulations. <u>White v. United States Civil Service</u>, 589 F.2d 713 (D.C. Cir. 1978), <u>cert</u>., <u>denied</u>, 444 U.S. 830 (1978).

The Defendant agency disingenuously justifies its actions by stating that the statements are in the Plaintiff's Presentence Report (PSR). Under the Acts, however, once the information is contested, the agency is required to independently verify the information.

Plaintiff has repeatedly and continually contested the accuracy of this information. Plaintiff was not charged with, nor convicted of, this purported offense behavior. Despite these repeated requests, the Defendant has made no effort to independently verify this information, as required by the Acts.

In addition, the Defendant is utilizing incorrect information to make adverse determinations against the Plaintiff for alleged drug and alcohol abuse. The information relied upon by the Defendant is incorrect. Plaintiff has not abused drugs or alcohol, other than a couple of experiments when he was a teenager. There is no history of drug or alcohol abuse.

The Defendants are in violation of 5 U.S.C. §§ 552a(e)(5), (9)(1)(C) and (g)(4). The Defendants are also in violation of the Administrative Procedures Act.

### v. Relief.

The Plaintiff prays for the following relief:

(a) A judgment against the Defendants requiring them to either (1) independently verify the information they used to make adverse determinations against the defendant, or (2) to excise the inaccurate information from Plaintiff's files and prohibit the defendants from utilizing this information to make adverse information.

(b) Compensatory damages in the amount of $4,000,000.00

(c) costs of suit, including, but not limited to, filing fee.

(d) attorney fees and costs (if applicable at the time).

(e) any other relief that this Court may deem necessary and appropriate and proper in this case.

Dated: 04-18-06                              _____
                                             Darryl Steele


COMMONWEALTH OF PENNSYLVANIA )
                             ) ss.          VERIFICATION
COUNTY OF McKEAN             )


I, Darryl Steele, do hereby affirm that the information and the facts contained in this complaint are true and correct, to the best of my knowledge and belief. So declared this 18 day of April, 2006 under penalty of perjury. 28 U.S.C. § 1746.

                                             _____
                                             Darryl Steele


Subscribed and sworn to before me
this 18 day of April, 2006.

_____
NOTARY PUBLIC

My commission expires: _____

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Craig E. Engstrom, Notary Public
Lafayette Twp., McKean County
My Commission Expires Apr. 10, 2010

4

Darryl Steele
Reg. No. 11666-055
FCI McKean
Post Office Box 8000
Bradford PA 16701-0980

BY CERTIFIED MAIL

October 13, 2005

Ms. Wanda M. Hunt, Chief
FOIA/PA Section
U.S. Department of Justice
Federal Bureau of Prisons
320 First Street, N.W.
Room 841, HOLC Building
Washington DC 20534

Dear Ms. Hunt,

　　This correspondence is being submitted pursuant to Title 5 United States Code §§ 552, 552a, Freedom of Information Act and the Privacy Act of 1974. I have attempted to resolve the issues presented by this correspondence locally, to no avail.

　　Specifically, I am submitting a request to correct agency records where incorrect information is being utilized to make an adverse determination against me. Particularly, the following information adversely affects my Custody Scoring, the information is incorrect, and I attempted at the local level to have it corrected, to no avail:

1. Bureau staff is using a police report to penalize me for "offense conduct" and to give me 7 points for Violence (serious). This police report alleges that "I beat a victim unconscious and that this victim was transported by ambulance to the hospital."

   Bureau staff justify their usage of this statement to place a security score of 7, because this statement is in the PSI (Presentence Report).

   I informed staff, particularly, Mr. Chris Hannon, Case Manager, FCI McKean, and Mr. C. Kindervater, Case Management Coordinator, FCI McKean, that this information is incorrect. That I was not charged nor convicted of this offense behavior. These two individuals ignored this, and made no effort to verify the accuracy of the information which they utilize to make adverse determinations.

2. Bureau Staff is using a statement in the PSI which alleges and/or infers that I have a drug/alcohol abuse problem in order to score me 2 points on my Custody Scoring for Drug/Alcohol Abuse within the last 5 years.

   This information and/or inferences are incorrect. I have not abused drugs or alcohol. Other than a couple of tries when I was a teenager of a couple different drugs and social drinking. There is no history of drug alcohol abuse.

-1-

FILED
06 0866   MAY - 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Moreover, a couple of tries, socially, of using drugs, as a teenager, does not make one an abuser. Nor does social drinking, even if the volume is heavy, make one an abuser of alcohol.

Program Statement 5100.7 delineates, quite well, that I cannot be scored as an abuser. However, Bureau staff at FCI McKean are using incorrect information and/or made up information to justify this score.

I therefore request that this information be correct and the incorrect information be excised from my Bureau records, including, but not limited to, my central file, SENTRY, etc.

Pursuant to 5 U.S.C. §§ 552a(e)(5), (g)(1)(C), and (g)(4), this agency must "maintain all records ... with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." (5 U.S.C. § 552a(e)(5). Since this information is capable of being verified, outside of the PSI or U.S. Probation Office, then pursuant to 5 U.S.C. §§ 552a(e)(5) and (g)(1)(C), this agency must take reasonable steps to verify the information, and take reasonable steps to maintain the accuracy of the information to assure fairness to the individual. See also, Sellers v. Bureau of Prisons, 959 F.2d 307, 312 (D.C. Cir. 1992). It should also be noted that simply calling the office which prepared the PSI (Presentence Report) is not sufficient to verify the disputed information. Id. at 310.

Thank you for your kind attention in this matter. I am looking forward to hearing from you in the very near future, pursuant to the Privacy Act of 1974 (5 U.S.C. § 552a).

Sincerely,

Darryl Steele

CERTIFIED MAIL
7004 2890 0004 5924 5025

DS:md
xc: File

2

**U.S. DEPARTMENT OF JUSTICE**  
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: STEELE, Darryl              11666-055        AA       FCI McKean, PA.
      LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT    INSTITUTION

**Part A- INMATE REQUEST** — This BP-9 is being submitted in reference to the attached Informal Resolution. Contrary to the response of the Informal Resolution, my custody classification points are not correct, and have been scored in violation P.S. 5100.07. I have spoken to C. Hannon, Case Manager and Mr. Kindervater, CMC, concerning this, to no avail. I request that my points be scored correctly:

(1) In the "CUSTODY SCORING" section my my custody classification form, Hannon only scored me 2-points for "RESPONSIBILITY." According to PS 5100.07, this score is in error, and I should be scored a 4 in this area. ¶ Since my arrival at FCI McKean, I have participated in, and have graduated from, (a) Vocational Training - Hydroponics; (b) Vocational Training - Computers; (c) G.E.D.; (d) CDL (ACE) Class; (e) Parenting Class; (f) Victim Impact Class; and (g) DAP Class, twice. Additionally, I have not received any disciplinary reports, or any other disciplinary actions. My behavior here has been exemplary.

Therefore, I should be scored a 4 in this area.

(see attached page for continuation).

October 17, 2005
_____                           _____
        DATE                                    SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____                           _____
        DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: 393578

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____                           _____
        DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN                                                                BP-229(13)
                                                                       APRIL 1982

CONTINUATION
BP-229(13) REQUEST FOR ADMINISTRATIVE REMEDY
STEELE, Darryl, Reg. No. 11666-055, Unit: AA, Institution: FCI McKean

Part A - INMATE REQUEST (continued):

(2) Hannon has scored me points for Drug/Alcohol Abuse. This incorrect pursuant to P.S. 5100.07. I have utilized alcohol in a lawful manner. I have never abused alcohol. I have never been arrested for a alcohol related crime. Nor has the usage of alcohol caused me to commit any crimes. Thus, to say that I abuse alcohol would be to say that anyone who drinks, period, abuses alcohol. Therefore, according to PS 5100.07, I should have been scored a 4 under this category.

Nor can Hannon utilize the couple of "tries" while I was a teenager experimenting with marijuana and/or LSD. This still does not come within the definition of "abuse" as described by PS 5100.07.

Therefore, my "CUSTODY SCORE" total should be +28 and not a +24 as is presently reflected on my Custody Classification.

(3) Hannon has me scored 7 points for "VIOLENCE" in the "BASE SCORING" section of the Custody Classification. This is in error. According to P.S. 5100.07, Chapter 8, page 8, I cannot be scored for violence, as there was no judicial finding of guilty and **I have no prior record.** P.S. 5100.07, Ch.8, Pg. 8, specifically states that **there must be a judicial finding of guilt.** Therefore, I must be scored a 0 in this category.

5 U.S.C. § 552a prohibits the Bureau of Prisons from utilizing a police report or a section in the PSI in order to make a detrimental or adverse determination against an inmate. If the inmate contests the factual accuracy of the information, then pursuant to 5 U.S.C. § 552a, the Bureau of Prisons must independently verify the information. This means that the Bureau may not take the probation officer's word for it, but must independently verify the accuracy of the information themselves. see e.g. Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992).

An independent verification of this information from the courthouse records, would reveal that I was never convicted of any offense whose offense conduct was knocking a person unconcious and sending him in an ambulance to the hospital.

Therefore, I request that my Custody Classification be correctly scored.

STEELE, Darryl
Reg. No.: 11666-055
MCK 393578-F1

---

Part B - Response

This is in response to your Request for Administrative Remedy receipted in my office on October 19, 2005, in which you complain your Custody Classification points are not correct and have been scored in violation. Specifically the Responsibility section currently scored with 2 points, Drug/Alcohol Abuse scoring and the Violence section currently scored with 7 points. You request your Custody Classification be scored correctly.

Program Statement 5100.07 <u>Security Designation and Custody Classification Manual</u> states, responsibility is based on number of points reflecting the inmate's demonstrated responsibility during the past 12 months, which is based on the inmate's general demeanor as reflected in peer group associates, degree of program involvement, level of dependability, and nature of interaction with staff and other inmates. Investigation reveals you have not participated in any programs since October 14, 2003 and you are not currently participating in any class.

The Drug/Alcohol Abuse scoring section states, the score of 4 is used for an inmate who was convicted of Drug Trafficking one year ago and his Presentence Report (PSI) reflects no history of drug use. Your PSI reflects a history of drug use. You started using marijuana at the age of 14, cigarettes laced with cocaine at the aged of 18, and by age 11 you began using alcohol until your arrest for the instant offense on a daily basis.

The scoring of points for violence, you state there was no judicial find of guilt when you were arrested. According to your PSI on January 1, 2001, you were arrested for Harassment 2nd degree, in which the victim was beaten unconscious and had to be transported to the hospital by ambulance. The sentence imposed on March 14, 2001, was conditional discharge and a fine of $60.00. The aggressive or intimidating behavior which is likely to cause bodily harm or death and the imposed fine of $60.00 determined you be scored as serious with 7 points. I find the unit team's scoring of your custody classification for the responsibility, drug and alcohol abuse, and violence to be appropriate and according to policy.

Based on the above information, your Request for Administrative Remedy is denied.

In the event you are not satisfied with this response, you may appeal within twenty (20) calendar days from the date of this response by submitting a BP-DIR-230 to the Regional Director.

11/07/05
Date

James F. Sherman, Warden

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __STEELE, Darryl__    __11666-055__    __AA__    __FCI McKean__
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** - This is in appeal of the attached BP-09 (BP-229(13)). The response of the Warden is in error and violates Program Statement 5100.07, as well as Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992). The alleged alcohol/drug abuse information which the Warden claims is in my PSI, is incorrect. I do not have a history of drug abuse, nor do I have a history alcohol abuse. Under Sellers, the Bureau of Prisons is obligated to independently verify this information before they use it to the detriment of the inmate. Simply referring to the PSI or calling the Probation Officer to "verify" this information is not sufficient under Sellers. Second, the offense conduct which the Bureau is giving me 7 points for purported violence. The information that the Bureau is using to raise my security level, to my detriment, is incorrect. Under Sellers, the Bureau is obligated to independently verify this information. Under Sellers use of the PSI or simply contacting the Probation Officer who wrote the PSI is not sufficient to verify this information. The Bureau cannot verify this information, as there is no court in the State of New York where one would find that I was convicted of an offense which included the offense behavior which the warden described in his response.

(continued next page)

__11-28-05__                                                _[signature]_
DATE                                                          SIGNATURE OF REQUESTER

**Part B—RESPONSE**

 

DATE                                                                  REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                                     CASE NUMBER: __393578-R1__

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

BP-230(13)

Regional Administrative Remedy Appeal
STEELE, Darryl, 11666-055, Unit AA, FCI McKean
CONTINUATION

Part A - REASON FOR APPEAL (Continued) -

Third, the Warden is in error on his response concerning my "Responsibility" points in the "Custody Scoring" section of the Custody Classification Form. The record is clear that I have demonstrated good responsibility, and therefore deserve to be scored a 4 in this area. Since my arrival at FCI McKean, I have participated in, and have graduated from; (a) VT-Hydroponics; (b) VT-Computers; (c) G.E.D.; (d) CDL [ACE] Class; (e) Parenting Class; (f) Victim Impact Class; and (g) DAP class [twice]. In addition, I have not received any disciplinary reports, or any other disciplinary action, and I have been FRP compliant. Thus, my behavior has been exemplary, and my Responsibility is excellent, and therefore I should have been scored a 4 rather than a 2.

I have been scored points for Drug/Alcohol Abuse (as described above). Pursuant to P.S. 5100.07 I should not be scored these points. I have utilized alcohol in a lawful manner, as a social drinker. I have never abused alcohol, nor have I been arrested for an alcohol related offense, nor has the usage of alcohol contributed to any unlawful behavior. According to P.S. 5100.07, I should have been scored a 4 under this category, rather than the points presently scored. Moreover, contrary to the Warden's assertions otherwise, teenage experimentation with marijuana/lsd, does not constitute "abuse" within the meaning of P.S. 5100.07.

I have been scored 7 points for "Violence" in the "Base Scoring" section of the Custody Classification form. As described above, this is in error. According to P.S. 5100.07, Chapter 8, page 8, I cannot be scored for violence, as there was no judicial finding of guilt for violence or violent acts, and I have no prior record. P.S. 5100.07, Ch. 8, page 8, specifically states that there MUST be a judicial finding of guilt. Therefore, I must be scored a 0 in this category.

5 U.S.C. § 552a prohibits the Bureau of Prisons from utilizing alleged police reports or PSI sections in order to make a detrimental or adverse determination against an inmate, if the inmate contests the factual accuracy of the information. Pursuant to 5 U.S.C. § 552a, the Bureau must independently verify the information, absent the PSI and the Probation Officer. Sellers, supra.

Therefore, I request that the decision of the warden be overturned, and that my custody classification form reflect a correct scoring absent the above mistakes presently on the form.

STEELE, Darryl
Reg. No. 11666-055
Appeal No. 393578-R1
Page One

---

### Part B - Response

In your appeal, you state there is inaccurate information on your Custody Classification form (BP-338). You claim the alcohol/drug information used is inaccurate and claim you do not have a history of alcohol or drug abuse. You also state you should be scored with no history of violence and receive four points for good responsibility. You state you have enrolled in several educational courses, paid your fine and have not been a disciplinary problem. You request your BP-338 be updated to reflect no history of drug abuse, no history of violence and your responsibility rating be changed to good.

Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u> states, responsibility is based on the inmate's general demeanor as reflected in peer group associates, degree of program involvement, level of dependability, and nature or interaction with staff and other inmates. As indicated by the Warden, you have not participated in any educational programs since October 2003, and are not currently participating in any classes. The above policy also states history of violence is determined by considering those acts for which there are documented findings of guilt. History of violence includes the individual's entire background of criminal violence, excluding the current term of confinement. On January 1, 2001, you were found guilty of Harassment, Second Degree, wherein the victim was beaten unconscious and had to be transported to a hospital by ambulance. Finally, the Drug/Alcohol Abuse scoring states, the score of four is used for an inmate who was convicted of Drug Trafficking one year ago and his Pre-Sentence Report (PSR) reflects no history of drug use and an enjoyment of social drinking on a periodic basis. According to your PSR, you started using Marijuana at the age of 14, cigarettes laced with Cocaine at the age of 18, and by age 11, you began using alcohol on a daily basis until your arrest for the instant offense. Based on the above, we concur with the Warden's assessment regarding the scoring of your BP-338. You provide no support or evidence for your claim the PSR information is incorrect. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: December 29, 2005                          D. SCOTT DODRILL
                                                 Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __STEELE, Darryl__ __11666-055__ __AA__ __FCI McKean__
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** - This is in appeal from the response of the Regional Director. First, the Regional Director states that I do not provide any support or evidence that the PSR information is incorrect. Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992) holds that when an inmate contests the factual inaccuracy of information in the PSR, that the Bureau of Prisons must independently verify said information. Moreover, under Sellers the Bureau is obligated to correct any information they find wrong. This independent verification cannot be had simply by contacting the probation officer (or office) which compiled the report. It should be stated that there is no State court, within the State of New York, whose records would verify the asinine allegations contained, allegedly, in the PSR, and utilized in an erroneous, capricious and arbitrary manner by the Bureau. Therefore, this information cannot be utilized by the Bureau to my detriment.

(continued next page)

__01-05-06__    __[signature] D. Steele__
DATE            SIGNATURE OF REQUESTER

**Part B—RESPONSE**

[RECEIVED JAN 17 — Administrative Remedy Section stamp]

---

_____    _____
DATE            GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: __393578-A1__

**Part C—RECEIPT**    CASE NUMBER: _____

Return to: _____ _____ _____ _____
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE            SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

STEELE, Darryl
Reg. No. 11666-055
Page One

---

### Part A – Reason for Appeal (continued)

Second, the Regional Director ("RD") is in error concerning the points for responsibility within the "custody scoring" section of the BP-338. Since my arrival at FCI McKean, I have done nothing but demonstrate "good" responsibility. I therefore deserve to be scored a **4** in this area. Since my arrival I have participated in, and gradutated from; (1) VT-Hydroponics; (2) VT-Computers; (3) G.E.D.; (4) CDL (ACE Class); (5) Parenting Class; (6) Victim Impact Class; and (7) I have taken the DAP class twice. Moreover, I have not received any incident reports. If this behavior does not reflect an excellent general demeanor, an excellent degree of program involvement, an excellent level of dependability, and an excellent nature of interaction with staff and other inmates, then there is no way of _any_ inmate satisfying these requirements.

Third, the points scored for purported Drug/Alcohol Abuse on the BP-338, is in error. (1) I have utilized alcohol in a lawful manner, as a social drinker. I have never abused alcohol, nor have I been arrested for an alcohol related offense, nor has the usage of alcohol contributed to any criminal behavior. Therefore, I should have been scored a **4** in this section, according to PS 5100.07. (2) The PSR is in error concerning any alleged abuse of marijuana at the age 14, or the purported usage of cigarettes laced with cocaine at the age of 18, or the use of alcohol, daily, by the age of 11. This is in error, and is being applied in an erroneous, arbitrary, and capricious manner.

Finally, I have been scored **7** points for "VIOLENCE" in the "Base Scoring" section of the BP-338. This is also in error. According to PS 5100.07 I cannot be scored a **7** in this area, as there was **no judicial finding of guilt** for this alleged offense behavior. The Bureau cannot mix apples with oranges, so to speak, and make the glass slipper fit. The scoring of a 7 in this area violates PS 5100.07 for reasons already articulated in the attached BP-09 and BP-10.

5 U.S.C. § 552a prohibits the Bureau from utilizing information, alleged police reports, or PSR sections in order to make a detrimental or adverse determination against an inmate, if the inmate contest the factual accuracy of said information. Under _Sellers_ it is enough that the inmate contest the information. The Bureau then _must_ independently verify the information, absent the PSR and the probabtion office which the PSR originated.

Therefore, I request that the decision of the RD and Warden be overturned, and that the BP-338 Custody Classification Form be corrected and reflect an accurate scoring absent the serious mistakes presently reflected in the BP-338. Thank you.

Administrative Remedy No. 393578-A1
Part B - Response

You contend staff have incorrectly calculated the scores which determine your security designation and custody classification levels. You contend the Bureau of Prisons cannot utilize disputed information unless it is independently verified.

Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. The Warden have thoroughly addressed the security designation and custody classification scores you dispute. We concur with the responses provided at the institution and regional levels, and see no reason to elaborate further.

Additionally, inmate records have long been exempted from the amendment and/or correction provisions of the Privacy Act (5 U.S.C. § 552a(d)). Additionally, the maintenance and accuracy requirements of the Privacy Act (5 U.S.C. § 552a(e)(1) and (e)(5)) as referenced in Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992) are no longer applicable because of an additional exemption issued in August 2002. Despite this, staff have considered your concerns and have communicated with the U.S. Probation Office as necessary to relay such concerns. To date, no credible information in support of your contentions has been received.

Your security designation and custody classification scores have been determined as provided in Program Statement 5100.07, Security Designation and Custody Classification Manual. You offer no credible evidence to support any conclusion to the contrary.

Your appeal is denied.

February 24, 2006
Date

Harrell Watts, Administrator
National Inmate Appeals