**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                                )
DARRYL STEELE                   )
                                )
              Plaintiff,        )
                                )
     v.                         )      Civil Action No. 06-0866 (JR)
                                )
FEDERAL BUREAU OF PRISONS,      )
                                )
              Defendant.        )
                                )
_____)
```

**DEFENDANT'S MOTION TO DISMISS,
OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendant, Federal Bureau of Prisons, through the undersigned counsel, respectfully moves to dismiss the complaint in this case pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment under Fed. R. Civ. P. 56. Plaintiff's complaint fails to state a claim upon which relief may be granted. Alternatively, the defendant moves the Court for summary judgment on the grounds that there are no material facts in dispute and the defendant is entitled to judgment as a matter of law.

In support of this motion, the defendant submits the attached memorandum of points and authorities, statement of material facts as to which there is no genuine issue, declaration of Michael D. Tafelski, Deputy Regional Counsel, Northeast Regional Office, Federal Bureau of Prisons, Philadelphia, Pennsylvania. (with attachments).

Plaintiff should take notice that any factual assertions

contained in the accompanying affidavit and other attachments in

support of Defendant's motion will be accepted by the Court as

true unless the Plaintiff submits his own affidavit or other

documentary evidence contradicting the assertions in Defendant's

attachments.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992),

Local Rule 7 and Fed. R. Civ. P. 56(e), which provides as

follows:

> Supporting and opposing affidavits shall be
> made on personal knowledge, shall set forth
> such facts as would be admissible in
> evidence, and shall show affirmatively that
> the affiant is competent to testify to the
> matters stated therein.  Sworn or certified
> copies of all papers or parts thereof
> referred to in an affidavit shall be attached
> thereto or served therewith.  The court may
> permit affidavits to be supplemented or
> opposed by depositions, answers to
> interrogatories, or further affidavits.  When
> a motion for summary judgment is made and
> supported as provided in this rule, an
> adverse party may not rest upon the mere
> allegations or denials of the adverse party's
> pleading, but the adverse party's response,
> by affidavits or as otherwise provided in
> this rule, must set forth specific facts
> showing that there is a genuine issue for
> trial.  If the adverse party does not so
> respond, summary judgment, if appropriate,
> shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

___/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


___/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


___/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                            )
DARRYL STEELE                )
                            )
            Plaintiff,       )
                            )
      v.                     )        Civil Action No. 06-0866 (JR)
                            )
FEDERAL BUREAU OF PRISONS,   )
                            )
            Defendant.       )
                            )
_____)
```

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**Introduction**

Defendant, Bureau of Prisons (BOP), moves to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment under Fed. R. Civ. P. 56. Plaintiff claims that the BOP violated the Privacy Act, 5 U.S.C. 552a, by maintaining inaccurate information in his Presentence Investigation Report (PSI) and by relying upon this misinformation when making his custody classification score. The Plaintiff also claims the BOP violated the Due Process Clause, by failing to follow its own rules and regulations. The Plaintiff's Privacy Act claim fails because the Federal Bureau of Prisons is exempt from the amendment and accuracy provisions of the Privacy Act. The Plaintiff's Due Process claim fails because inmates do not have a due process liberty interest in placement or classification.

## FACTUAL BACKGROUND

The Plaintiff, Darryl Steele, Register Number 11666-055, is a federal inmate incarcerated at the Federal Correctional Institution (FCI) McKean, Pennsylvania (Compl., p. 1). On February 4, 2003, he was sentenced in the United States District Court for the Southern District of New York to a 121 month term of imprisonment with a four year term of Supervised Release to follow for Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 846 (Declaration of Michael D. Tafeleski, ¶ 2, Document 1). He commenced service of his federal sentence on February 4, 2003. Assuming he receives all Good Conduct Time (GCT) available to him under 18 U.S.C. § 3624(b), his projected release date is May 15, 2011 (See Id., Document 1, Public Information Inmate Data for inmate Darryl Steele, Register Number 11666-055).

The PSI contains information concerning plaintiff's prior history which reflects that on January 1, 2001 he was convicted of Harassment, Second Degree, wherein the victim was beaten unconscious and had to be taken to the hospital (Id., Document 2b). The Plaintiff was scored as a Medium custody level inmate and was designated to FCI McKean on March 14, 2003.

On October 17, 2005, Plaintiff filed a Request for Administrative Remedy with the Warden of FCI McKean. In a response dated November 22, 2005, Plaintiff's Request was denied. This response, among other things, upheld the custody

2

classification scoring.  It explained that Plaintiff's unit team properly relied upon information contained in his Presentence Investigation Report (PSI), which was not redacted or otherwise removed by the sentencing court.  It explained that because the information remained in his PSI, it was properly considered by Petitioner's unit team for purposes of custody classification scoring (Id., Document 2a).

On November 28, 2005, Plaintiff appealed the Warden's response to the Bureau of Prisons Northeast Regional Office.  In a response dated December 29, 2005, Plaintiff's Administrative Remedy Appeal was denied (Id., Document 2b).

On January 5, 2006, Plaintiff appealed the Region's response to the Bureau of Prisons Central Office (Id. Document 2c).  In a response dated February 24, 2006, Plaintiff's Central Office Appeal was denied, stating that Plaintiff's scoring was accurate. It was also noted that central inmate records are exempted from the amendment and/or correction provisions of the Privacy Act. Id.

On May 9, 2006, Plaintiff filed a civil action against the Federal Bureau of Prisons (BOP), alleging that the BOP violated the Privacy Act, 5 U.S.C. §§ 552a(e)(5), 9(1)(c) and (g)(4) by maintaining inaccurate information in his PSI and relying upon this misinformation when scoring his custody classification.  See Compl. p. 3.  The Plaintiff also alleges that the BOP violated his constitutional right to due process by failing to follow its

own rules and regulations.  <u>See</u> Compl. p. 2.

Specifically, Plaintiff claims that a statement listed in the PSI under the Adult Criminal Convictions is inaccurate and should not be relied upon to increase his custody classification scoring.  <u>See</u> Compl. pp. 2-3.  The Plaintiff alleges that the BOP relied upon a police report to score the Plaintiff 7 points on his custody score for violence.  <u>See</u> Compl. p. 2.  Plaintiff claims that he has never been convicted of an offense related to the conduct described in the police report.  <u>Id</u>.  Plaintiff claims that BOP has "refused to contact the State Courts" to verify his conviction for the behavior related to the police report. <u>See</u> Compl. p. 3. Plaintiff further alleges that the BOP is "utilizing incorrect information" for the purpose of making "adverse determinations" with regard to his past drug and alcohol use. <u>Id</u>.

Plaintiff seeks a judgment requiring the BOP to "independently verify the information they used to make adverse determinations against the [Plaintiff], or (2) to excise the inaccurate information from the Plaintiff's files and prohibit the [D]efendants from utilizing this information to make adverse information." <u>Id</u>.  It appears that the Plaintiff is seeking declaratory or injunctive relief.  The Privacy Act treats claims for amending inaccurate records separately from claims for money damages.  Plaintiff's apparent claim for injunctive and declaratory relief to require correction of his records, under 5

U.S.C. § 552a(d), fails because the BOP has exempted itself from the amendment provision, as authorized by the Privacy Act's provisions in subsections 552a(j) and (k).

The Plaintiff also seeks compensatory damages in the amount of $4,000,000. See Compl. p. 4.  To the extent that Plaintiff also seeks monetary damages because the BOP allegedly made an adverse determination against him based on information in BOP's possession which is inaccurate and untrue, the claim for monetary damages fails because he cannot establish any of the four elements required under Deters v. U.S. Parole Comm'n, 85 F.3d 655 (D.C. Cir. 1996) and subsequent case law.  First, he cannot establish that the harm he alleges rises to the level of an adverse determination under the Privacy Act.  Second, he cannot establish that the BOP failed to maintain his records with sufficient accuracy as to ensure fairness in determinations affecting him because the evidence indicates that Plaintiff's presentence report is factually correct.  Third, he cannot establish that the alleged error caused the defendant to make an adverse determination against him.  Finally, he cannot establish that the alleged error was intentional or willful because the evidence shows to the contrary that the agency officials acted in good faith.

The Plaintiff also seeks reimbursement for all costs related to his suit, and any other relief the Court may deem necessary and appropriate. See Compl. p. 4.

**ARGUMENT**

## I.    Standard of Review

"[A] complaint should . . . be dismissed for failure to state a claim [if] it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  In deciding a motion to dismiss under Rule 12(b)(6), facts alleged in the complaint must be presumed true and liberally construed in favor of the plaintiff. See, e.g., Shear v. NRA, 606 F.2d 1251, 1253 (D.C. Cir. 1979).  The court may consider certain additional evidence in deciding the motion. See Arizmendi v. Lawson, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996) ("In resolving a Rule 12(b)(6) motion to dismiss, a court may properly look beyond the complaint to matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion.").

Under Rule 56, summary judgment is required where no genuine dispute exists as to any material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one that would change the outcome of the litigation. Id. at 247.  "The burden on the moving party may be discharged by 'showing'—that is, pointing out to the [Court]—that there is an

6

absence of evidence to support the non-moving party's case."
Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d
1560, 1563 (Fed. Cir. 1987).  Once the moving party has met its
burden, the non-movant—here plaintiff—may not rest on mere
allegations, but must instead proffer specific facts showing that
a genuine issue exists for trial.  Matsushita Elec. Indus. Co. v.
Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid
summary judgment here, Plaintiff must present some objective
evidence that would enable the court to find he is entitled to
relief.

In Celotex Corp. v. Catrett, the Supreme Court held that, in
responding to a proper motion for summary judgment, the party who
bears the burden of proof on an issue at trial must "make a
sufficient showing on an essential element of [his] case" to
establish a genuine dispute.  477 U.S. 317, 322-23 (1986); see
also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the
non-moving party is "required to provide evidence that would
permit a reasonable jury to find" in its favor).  In Celotex, the
Supreme Court further instructed that the "[s]ummary judgment
procedure is properly regarded not as a disfavored procedural
shortcut, but rather as an integral part of the Federal Rules as
a whole, which are designed 'to secure the just, speedy and
inexpensive determination of every action.'"  477 U.S. at 327
(quoting Fed. R. Civ. Pro. 1).

## II.  BOP Inmate Central Records System Is Exempt from Privacy Act Claims

Plaintiff has failed to state a claim upon which relief can be granted under the Privacy Act.  Plaintiff seeks amendment of his PSI records, but the BOP has properly exempted its Inmate Central Record System, where presentence reports are maintained, from the Privacy Act's amendment requirements.  See 28 C.F.R. §16.97(a); White v. United States Probation Office, 148 F.3d 1124, 1125 (D.C. Cir. 1998); and Deters v. U.S. Parole Commission, 85 F.3d 655, n.2 (D.C. Cir. 1996).[1]

Subsections (g)(1)(A) & (C) of the Privacy Act allows an individual to file a civil action against an agency that refuses to amend its records upon request or fails to maintain its records with the requisite level of accuracy and completeness. See 5 U.S.C. § 552a(g)(1)(A) & (C) and 552a(g)(2)(A).  In an action brought under subsection (g)(1)(C), if the court determines that the agency's actions were willful or intentional, the court may award actual damages sustained by the individual as a result of the refusal or failure of the agency to maintain its records with the requisite level of accuracy, and may also award costs and attorney fees.  See 5 U.S.C. § 552a(g)(4); Doe v.

---

[1]  Plaintiff's suit is also barred by the two-year Statute of Limitations imposed by Congress. See 5 U.S.C. § 552(a)(g)(5); Chung v. Department of Justice, 333 F.3d 273 (D.C. Cir. 2003). The time begins to run when the plaintiff first becomes aware or should have become aware, of the alleged mistakes or errors in his records. Harrell v. Fleming, 285 F.3d 1292, 1293 (10th cir. 2002).  The plaintiff has failed to plead or prove any equitable tolling. Chung, 333 F.3d at 276-278.

Federal Bureau of Investigation, 936 F.2d 1346, 1350 (D.C. Cir. 1991).

Notwithstanding the relief available under the Privacy Act, an agency's Director may promulgate regulations to exempt any system of records within the agency from any part of the Privacy Act (except subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i)), if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . correctional, probation, pardon, or parole authorities, and which consists of . . . reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.

5 U.S.C. § 552a(j)(2)(C). Pursuant to this authority, federal regulations specifically exempt BOP's Inmate Central Records System from subsections (c)(3) and (4), (d), (e)(2) and (3), (e)(4)(H), and (e)(8), (f) and (g). See 28 C.F.R. § 16.97(a)(4). In particular, the security and custody classification information, which is part of the Inmate Central Records System, is exempt from the amendment provisions. See 28 C.F.R. § 16.97; White v. United States Probation Office, 148 F.3d 1124, 1125.

Section 28 C.F.R. § 16.97 provides:

"The following system of records is exempted pursuant to 5 U.S.C. 552a(j) from subsections (e)(1) and (e)(5): Bureau of Prisons Inmate Central Records System, (Justice/BOP-005)."

The reasons for the BOP's decision to exempt 552a(e)(1) and (e)(5) are found in subsection (k) of the regulation. Subsection

(k)(1) and (2) provide in part:

> From subsection (e)(1) to the extent that the Bureau
> may collect information that may be relevant to the law
> enforcement  operations of other agencies.  In the
> interests of overall, effective law enforcement, such
> information should be retained and made available to
> those agencies with relevant responsibilities.

> From subsection (e)(5) because in the collection and
> maintenance of information for law enforcement
> purposes, it is impossible to determine in advance what
> information is accurate, relevant, timely and complete.
> Data which may seem unrelated, irrelevant or incomplete
> when collected may take on added meaning or
> significance during the course of an investigation or
> with the passage of time, and could be relevant to
> future law enforcement decisions.  In addition, because
> many of these records come from the courts and other
> state and local criminal justice agencies, it is
> administratively impossible for them and the Bureau to
> ensure compliance with this provision.  The restriction
> of subsection (e)(5) would restrict and delay trained
> correctional managers from timely exercising their
> judgment in managing the inmate population and
> providing for the safety and security of the prisons
> and the public.

Therefore, injunctive relief is not available for claims

involving inmate central records under the amendment provision of

the Privacy Act, 5 U.S.C. § 552a(g)(1)(A).  See White v. United

States Probation Office, 148 F.3d 1124, 1125 (barring claim for

amendment of pre-sentence report maintained in Inmate Central

Records System); Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir.

1997) (denying amendment claim because BOP regulations exempt

agency from Privacy Act provision requiring inaccurate files to

be amended); Deters v. U.S. Parole Commission, 85 F.3d 655, n.2;

and Fendler v. United States Bureau of Prisons, 846 F.2d 550, 553

(9th Cir. 1988).

The records at issue here come from a system of records that have been properly exempted from the amendment provisions of the Privacy Act.  <u>Doe</u>, 936 F.2d at 1352 (no cause of action exists when agency has exempted records from amendment requirements).  Consequently, plaintiff's claim under 5 U.S.C. § 552a(e)(1) to correct or amend his PSI must fail.

### III. Plaintiff Cannot Collaterally Attack Agency Decisions Through The Accuracy Provisions of 5 U.S.C. § 552a(g)(1)(C)

Additionally, the BOP's Inmate Central Records System is exempt from the accuracy requirements in subsection (e)(5) of the Privacy Act.  <u>See</u> 28 C.F.R. § 16.97(j) (effective August 9, 2002); <u>Barbour v. United States Parole Comm'n</u>, No. 04-5114, 2005 WL 79041, 1 (D.C. Cir. Jan. 13, 2005); <u>Skinner v. United States Dep't of Justice</u>, No. 04-1376RWR, 2005 WL 1429255, 2 (D.D.C. June 17, 2005); <u>Mitchell v. Bureau of Prisons</u>, 2005 WL 3275803, 4 (D.D.C. Sept. 30, 2005); and <u>Fisher v. Bureau of Prisons</u>, No. Civ. Act. 05-0851, 2006 WL 401819 (D.D.C. Feb. 21, 2006).  Thus, because the BOP has properly exempted the system of records from the accuracy provisions of the Privacy Act, the Court should dismiss plaintiff's claim for money damages based on allegedly inaccurate records maintained by BOP.

Moreover, plaintiff's claim would fail even if it could be considered on the merits.  The Privacy Act requires each federal agency to "maintain all records which are used by the agency in making any determination about any individual with such accuracy

11

. . . as is reasonably necessary to assure fairness to the individual in the determination."  5 U.S.C. § 552a(e)(5).  An individual may bring a civil action if an agency fails to satisfy the standard in subsection (e)(5) "and consequently a *determination* is made which is *adverse* to the individual."  5 U.S.C. §  552a(g)(1)(C) (emphasis added).  In addition, subsection (g)(4) provides that an individual may recover monetary damages if "the court determines that the agency acted in a manner which was intentional or willful."  Doe v. Federal Bureau of Investigation, 936 F.2d 1346, 1350 (D.C. Cir. 1991); Deters v. U.S. Parole Comm'n, 85 F.3d 655, 660; Sellers v. Bureau of Prisons, 959 F.2d 307, 310-12 (D.C. Cir. 2002); and Doyon v. Dep't of Justice, 304 F. Supp. 2d 32, 34 (D.D.C. 2004).

The Privacy Act may not be used to collaterally attack an agency decision as "inaccurate" because plaintiff contests the decision or some underlying information.  White v. United States Probation Office, 148 F.3d at 1125-26).

To prevail on a Privacy Act claim for damages against the BOP under 5 U.S.C. § 552a(g)(1)(C) and (g)(4) for violation of subsection (e)(5) of the Privacy Act,[2] the plaintiff must show that (1) the agency failed to maintain accurate records, (2) the agency's conduct was intentional or willful, and (3) an adverse determination was made respecting the plaintiff due to the

---

[2] As set forth above , BOP has exempted itself from this portion of the Privacy Act.

inaccurate record. <u>Toolasprashad v. Bureau of Prisons</u>, 286 F.3d
576, 582 (D.C. Cir. 2002).  The plaintiff has the burden of
proving that the agency's actions in violating the Privacy Act
were intentional or willful.  <u>Albright v. United States</u>, 732 F.2d
181, 189 (D.C. Cir. 1984); <u>Laningham v. United States Navy</u>, 813
F.2d 1236, 1242 (D.C. Cir. 1987) (quoting <u>Albright v. United
States</u>, 732 F.2d at 189); and 5 U.S.C. § 552a(g)(4).  A willful
or intentional act is "an act without grounds for believing it to
be lawful, or [an act done] by flagrantly disregarding others'
rights … or a violation … so patently egregious and unlawful
that anyone undertaking the conduct should have known it
unlawful."  <u>Deters v. U.S. Parole Comm'n</u>, 85 F.3d 655, 660.

    In this case, Plaintiff contends that the BOP has made no
effort to independently verify the accuracy of the information
contained in the Plaintiff's Presentence Investigation Report.
<u>See</u> Compl. p. 3.  However, the Presentence Investigation Report
includes an uncontested finding that the Plaintiff was found
guilty of the offense related to the police report on March 14,
2001 and fined $60.00 (<u>Id</u>., Document 2a).  He was convicted of
Harassment, Second Degree, wherein the victim was beaten
unconscious and taken by ambulance to the hospital.  The
Plaintiff's unit team properly relied upon this information
contained in his Presentence Investigation Report, which was not
redacted or otherwise removed by the sentencing court (<u>Id</u>.,
Document 2a).  A conviction for an offense based on information

contained in a police report needs no independent verification.
Plaintiff may not use the Privacy Act to collaterally attack a
conviction. Razzoli v. Federal Bureau of Prisons, 230 F.3d 371,
373 (D.C. Cir. 2000).  The Plaintiff has not, and cannot
establish that the BOP has intentionally and wilfully failed to
maintain accurate records.

### IV.  Defendant Has Not Violated Plaintiff's Due Process Rights

The Plaintiff asserts that the BOP has violated his Due
Process rights by not following its own rules and regulations.
Specifically, Plaintiff alleges that the "Bureau of Prisons
Program Statement 5100.7 requires that a judicial determination
of guilt be issued before the defendant agency can utilize this
information to the Plaintiff's detriment."  See Compl. p. 2.
The Due Process Clause applies if a liberty or property interest
has been denied.  Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293,
132 L.Ed.2d 418 (1995).  Prison officials are granted broad
discretionary authority over the institutions they manage.
Hewitt v. Helms, 459 U.S. 460, 467, 103 S.Ct. 864, 74 L.Ed.2d 675
(1983); Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 60
L.Ed.2d 447 (1979).  The Plaintiff has no due process right with
regard to his security/custody classification decisions.
Franklin v. District of Columbia, 163 F.3d 625, 634-35 (D.C. Cir
1998).  The United States Court of Appeals for the District of
Columbia noted in Franklin that:

Decisions about where a prisoner should be

14

> confined, at what level of custody (maximum,
> close, medium, minimum, or community) he
> should be classified, when he should be
> transferred and so forth are commonplace
> judgment in the "day-to-day management of
> prisons."

Franklin at 635 (citing Sandin v. Conner, 115 S. Ct. 2293

(1995)).  In the absence of a dramatic departure from the basic

conditions of confinement, the effect of classification or

transfer decisions or "the restriction on [his] liberty–is the

ordinary consequence of confinement for committing a crime."  See

also Moody v. Daggett, 97 S. Ct. 274 (1976).

The classification of inmates in Bureau of Prisons custody

is governed by Program Statement 5100.07, Security Designations

and Custody Classification Manual (hereinafter "PS 5100.07").  PS

5100.07 explains that custody classification is the procedure

whereby inmates are assigned to levels according to their

criminal histories and institutional behavior/adjustment.  An

inmate's custody level indicates how much staff supervision is

required.  See P.S. 5100.07, Security Designation and Custody

Classification Manual, Chapter 8, p. 1. With respect to Custody

Classification scoring, PS 5100.07 specifically provides:

> It should be clearly understood that the Custody
> Classification Form only recommends an inmate's
> custody.  The unit team and/or Warden is the final
> review authority.  The intent of the Custody
> Classification system is to permit staff to use
> professional judgment within specific guidelines.
> Custody changes are not dictated by the point total.
> However, when the unit team decides not to follow the
> recommendation of the point total, they must document
> the reason(s) for this decision in writing on the
> custody review form, and inform the inmate.  Id., at

Ch. 8, pp. 1-2.

It is well settled that Courts should interfere with Bureau of Prisons' decisions only in those rare cases where a Bureau determination violates the express mandate of a statute, clashes with the Constitution, or clearly contradicts the BOP's own rules, regulations or program statements.  <u>Cunningham v. Scibana</u>, 119 F.Supp.2d 584, 587 (S.D. W.Va. 2000).

It is equally well settled that inmate placement and classification is a matter within the discretion of prison officials to which inmates have no due process liberty interests. <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).  In <u>Moody</u>, <u>supra</u>, the Supreme Court explained that an inmate has "no legitimate statutory or constitutional entitlement" to any particular custodial classification which is sufficient to invoke due process even if a particular classification would impose a "grievous loss" on the inmate.  <u>Id</u>. (<i>citing</i> 18 U.S.C. § 4081).  Also, it is well settled that inmates have no liberty interest in being incarcerated at a particular prison.  <u>Ali v. Gibson</u>, 631 F.2d 1126, 1135 (3d Cir. 1980), <u>cert</u>. <u>denied</u>, 449 U.S. 1129, 101 S.Ct. 951, 67 L.Ed.2d 117 (1981)(<i>citing</i> <u>Meachum v. Fano</u>, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); <u>Montayne v. Haymes</u>, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); <u>Olim v. Wakinekona</u>, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); <u>Brown-Bey v. United States</u>, 720 F.2d 467, 470 (7th Cir. 1983)("[d]ue process does not

16

require a hearing before federal prisoners may be transferred
from one federal correctional institution to another"). 
Actions taken by prison employees, such as custody classification
scoring and designation, do not implicate a protected liberty
interest unless it entails "atypical and significant hardship on
the inmate in relation to the ordinary incidents of prison life"
Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d
418 (1995), or if the government's action will inevitably affect
the duration of the inmate's sentence.  Id., at 487.

        Plaintiff has not alleged nor can he produce evidence
establishing how his custody classification scoring or his
designation to FCI McKean has resulted in atypical and
significant hardship in relation to the incidents of prison life.
 See Ali v. Gibson, 631 F.2d at 1135 (If the prisoner can be
lawfully held in the facility to which he has been transferred,
he cannot object to that transfer, even if the transfer results
in his being placed in a more restrictive or less accessible
facility).  Moreover, Plaintiff has failed to demonstrate how his
custody classification or designation has affected the duration
of his sentence.

        Therefore, because inmates have no protected liberty
interests in either custody classification scoring or institution
placement, plaintiff's due process claim must be dismissed.

        In any event, the plaintiff is properly scored as a Medium
custody inmate based upon a history of violent behavior and

drug/alcohol abuse.  The plaintiff was convicted for Harassment 2nd degree, in which the victim was beaten unconscious and had to be transported to the hospital (Id., Document 2a and 2b). Plaintiff admits to experimentation with drugs, and daily consumption of alcohol. Id.  He was also convicted of conspiracy to possess with intent to distribute cocaine.  Moreover, in making custody classifications, the BOP may take into account evidence of a prisoner's behavior even if the behavior did not result in a criminal conviction.  Griffin v. Ashcroft, No. 02-5399, 2003 WL 22097940 (D.C. Cir. Sept. 3, 2003).  The plaintiff failed to establish a violation of BOP regulations.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss, or in the alterative, for summary judgment should be granted.

Respectfully submitted,

__/s/_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

18

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————
DARRYL STEELE                          )
                                       )
              Plaintiff,               )
                                       )
       v.                              ) Civil Action No. 06-0866 (JR)
                                       )
FEDERAL BUREAU OF PRISONS,             )
                                       )
              Defendant.               )
                                       )
———————————————————————)

**DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE**

Defendant, Bureau of Prisons (BOP), hereby submits the following Statement of Material Facts which are not in dispute in accordance with Local Rule 7.1(h):

1.  The Plaintiff, Darryl Steele, Register Number 11666-055, is a federal inmate incarcerated at the Federal Correctional Institution (FCI) McKean, Pennsylvania (Complaint, p. 1).  On February 4, 2003, he was sentenced in the United States District Court for the Southern District of New York to a 121 month term of imprisonment with a four year term of Supervised Release to follow for Conspiracy to Possess with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 846.  He commenced service of his federal sentence on February 4, 2003.  Assuming he receives all Good Conduct Time (GCT) available to him under 18 U.S.C. § 3624(b), his projected release date is May 15, 2011 (Document 1, Declaration of Michael D. Tefeleski).

2.  The PSI reflects that on January 1, 2001 he was convicted of Harassment, Second Degree, wherein the victim was

beaten unconscious and had to be taken to the hospital (Id.,
Document 2b).

3.   The Plaintiff was scored as a Medium custody level
inmate and was designated to FCI McKean on March 14, 2003.

4.   On October 17, 2005, Plaintiff filed a Request for
Administrative Remedy with the Warden of FCI McKean.  In a
response dated November 22, 2005, Plaintiff's Request was denied
and the custody classification scoring was upheld.  It was
explained that Plaintiff's unit team properly relied upon
information contained in his Presentence Investigation Report
(PSI), which was not redacted or otherwise removed by the
sentencing court.  It was also explained that because the
information remained in his PSI, it was properly considered by
plaintiff's unit team for purposes of custody classification
scoring (Id., Document 2a).

6.   On November 28, 2005, Plaintiff appealed the Warden's
response to the Bureau of Prisons Northeast Regional Office.  In
a response dated December 29, 2005, Plaintiff's appeal was denied
(Id. Document 2b).

7.   On January 5, 2006, Plaintiff appealed the Region's
response to the Bureau of Prisons Central Office (Id., Document
2c).  In a response dated February 24, 2006, Plaintiff's Central
Office appeal was denied.  The response affirmed that Plaintiff's
scoring was accurate.  It also advised plaintiff that inmate
records are exempted from the amendment and/or correction

provisions of the Privacy Act. <u>Id</u>.

    8.  On May 9, 2006, Plaintiff filed the instant civil action against the Federal Bureau of Prisons (BOP). Complaint, p. 1.

            Respectfully submitted,


            __/s/_____
            KENNETH L. WAINSTEIN, D.C. BAR # 451058
            United States Attorney


            __/s/_____
            RUDOLPH CONTRERAS, D.C. BAR # 434122
            Assistant United States Attorney


            __/s/_____
            DIANE M. SULLIVAN, D. C. BAR # 12765
            Assistant United States Attorney
            Judiciary Center Building
            555 Fourth Street, N.W.
            Room E4919
            Washington, D.C. 20530
            (202) 514-7205

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been
mailed, postage prepaid, this _____ day of September 2006,
to:

DARRYL STEELE
Reg. No. 11666-055
FCI McKean
P.O. Box 8000
Bradford, PA 16701-0980

```
__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205
```