UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

DARRYL STEELE,
    PLAINTIFF

V.                                          CIVIL NO. 06-0866

FEDERAL BUREAU OF PRISONS,
    DEFENDANT

DECLARATION OF MICHAEL D. TAFELSKI

    1.    I, Michael D. Tafelski, do hereby declare that I am the Deputy Regional Counsel, Northeast Regional Office, Federal Bureau of Prisons (BOP), Philadelphia, Pennsylvania. I have been in this position since May 1997.

    2.    Plaintiff, Darryl Steele, Register Number 11666-055, is a federal inmate incarcerated at the Federal Correctional Institution (FCI) McKean, Pennsylvania. On February 4, 2003, he was sentenced in the United States District Court for the Southern District of New York to a 121 month term of imprisonment with a four year term of Supervised Release to follow for Conspiracy to Possess With Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 846. He commenced service of his federal sentence on February 4, 2003. Assuming he receives all Good Conduct Time (GCT) available to him under 18 U.S.C. § 3624(b), his projected release date is May 15, 2011. **Document 1**, Public Information

1

Inmate Data for inmate Darryl Steele, Register Number 11666-055, attached.

3. The BOP also has a well-established administrative remedy procedure through which inmates can seek formal review of any complaint regarding any aspect of his imprisonment. In order to exhaust appeals under the Administrative Remedy Procedures for Inmates, except for limited exceptions (including certain disciplinary actions), an inmate must first raise his complaint to the Warden of the institution where he is confined. An appeal of this decision may be made in turn to the Regional Director and to the Central Office of the Federal Bureau of Prisons. 28 C.F.R. § 542.10, et. seq. and Program Statement No. 1330.13, Administrative Remedy Program. No administrative remedy appeal is considered to have been finally exhausted until considered by the Bureau of Prisons Central Office.

4. On October 17, 2005, Plaintiff filed a Request for Administrative Remedy with the Warden of FCI McKean. In a response dated November 22, 2005, Plaintiff's Request was denied as it, among other things, upheld the custody classification scoring. It was explained that Plaintiff's unit team properly relied upon information contained in his Presentence Investigation Report (PSR), which was not redacted or otherwise removed by the sentencing court. It was explained that because the information remained in his PSR, it was properly considered by Petitioner's

2

unit team for purposes of custody classification scoring. See **Document 2a**, Request for Administrative Remedy, Case Number 393578, and Response, attached.

5. On November 28, 2005, Plaintiff appealed the Warden's response to the Bureau of Prisons Northeast Regional Office. In a response dated December 29, 2005, Plaintiff's Administrative Remedy Appeal was denied. See **Document 2b**, Regional Administrative Remedy Appeal, Case Number 393578-R1, and Response attached.

6. On January 5, 2006, Plaintiff appealed the Region's response to the Bureau of Prisons Central Office. In a response dated February 24, 2006, Plaintiff's Central Office Appeal was denied. It was stated that Plaintiff's scoring was accurate. It was also noted that inmate records are exempted from the amendment and/or correction provisions of the Privacy Act. See **Document 2c**, Central Office Administrative Remedy Appeal, Case Number 393578-A1, and Response attached.

Pursuant to the provisions of 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this _13__ day of September 2006

_____
Michael D. Tafelski
Deputy Regional Counsel
Federal Bureau of Prisons
Northeast Regional Office
Philadelphia, Pennsylvania

3

# DOCUMENT 1

```
NERFW   540*23 *           SENTENCE MONITORING         *    09-13-2006
PAGE 001       *            COMPUTATION DATA           *    12:24:11
                            AS OF 09-13-2006

REGNO..: 11666-055 NAME: STEELE, DARRYL


FBI NO............: 225332VA8           DATE OF BIRTH: 12-24-1970
ARS1..............: MCK/A-DES
UNIT..............: A                   QUARTERS.....: A01-123U
DETAINERS.........: NO                  NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 11-15-2010

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  05-15-2011 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

COURT OF JURISDICTION............: NEW YORK, SOUTHERN DISTRICT
DOCKET NUMBER....................: 1:S102CR0629-02(JSR)
JUDGE............................: RAKOFF
DATE SENTENCED/PROBATION IMPOSED: 02-04-2003
DATE COMMITTED...................: 03-14-2003
HOW COMMITTED....................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED................: NO

                 FELONY ASSESS   MISDMNR ASSESS   FINES         COSTS
NON-COMMITTED.:  $100.00         $00.00           $00.00        $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO        AMOUNT:  $00.00

-------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  391
OFF/CHG: 21:846 CONSPIRACY TO POSSESS WITH INTENT TO DIST COCAINE.

 SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    121 MONTHS
 TERM OF SUPERVISION.............:      4 YEARS
 CLASS OF OFFENSE................: CLASS B FELONY
 DATE OF OFFENSE.................: 03-31-2002




           G0002       MORE PAGES TO FOLLOW . . .
```

```
 NERFW   540*23  *         SENTENCE MONITORING        *    09-13-2006
 PAGE 002 OF 002 *          COMPUTATION DATA          *    12:24:11
                             AS OF 09-13-2006

REGNO..: 11666-055 NAME: STEELE, DARRYL


------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 03-17-2003 AT MCK AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 02-04-2003
TOTAL TERM IN EFFECT............:    121 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     10 YEARS        1 MONTHS
EARLIEST DATE OF OFFENSE........: 03-31-2002

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                     03-10-2002     03-10-2002
                                     04-23-2002     05-30-2002
                                     09-12-2002     02-03-2003

TOTAL PRIOR CREDIT TIME.........: 184
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 474
TOTAL GCT EARNED................: 216
STATUTORY RELEASE DATE PROJECTED: 05-15-2011
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 08-31-2012


PROJECTED SATISFACTION DATE.....: 05-15-2011
PROJECTED SATISFACTION METHOD...: GCT REL








S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

DOCUMENT 2a

ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | STEELE, Darryl | 11666-055 | AA | FCI McKean, PA. |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** — This BP-9 is being submitted in reference to the attached Informal Resolution. Contrary to the response of the Informal Resolution, my custody classification points are not correct, and have been scored in violation P.S. 5100.07. I have spoken to C. Hanna, Case Manager and Mr. Kindervater, CM, concerning this, to no avail. I request that my points be scored correctly.

(1) In the "CUSTODY SCORING" section of my custody classification form, I have only scored 2-points for "RESPONSIBILITY." According to PS 5100.07, this score is in error, and I should be scored a 4 in this area. Since my arrival at FCI McKean, I have participated in, and have graduated from: (a) Vocational Training - Hydroponics, (b) Vocational Training - Computers; (c) C.O.D.E.; (d) DLL (ACE) Class; (e) Parenting Class; (f) Victim Impact Class, and (g) Lab Class, twice. Additionally, I have not received any disciplinary reports, or any other disciplinary actions. My behavior here has been exemplary.

Therefore, I should be scored a 4 in this area.

(See attached page for continuation).

October 17, 2005

_____    _____
DATE                            SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____    _____
DATE                            WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

THIRD COPY: RETURN TO INMATE                CASE NUMBER: _____

                                            CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____  _____  _____  _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.      UNIT       INSTITUTION

SUBJECT: _____

_____    _____
    DATE                        RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982
USP LVN

CONTINUATION
BP-229(13) REQUEST FOR ADMINISTRATIVE REMEDY
STEELE, Darryl, Reg. No. 11666-055, Unit: AA, Institution: FCI McKean

Part A - INMATE REQUEST (continued):

(2) Hannon has scored me points for Drug/Alcohol Abuse. This incorrect pursuant to P.S. 5100.07. I have utilized alcohol in a lawful manner. I have never abused alcohol. I have never been arrested for a alcohol related crime. Nor has the usage of alcohol caused me to commit any crimes. Thus, to say that I abuse alcohol would be to say that anyone who drinks, period, abuses alcohol. Therefore, according to PS 5100.07, I should have been scored a 4 under this category.

Nor can Hannon utilize the couple of "tries" while I was a teenager experimenting with marijuana and/or LSD. This still does not come within the definition of "abuse" as described by PS 5100.07.

Therefore, my "CUSTODY SCORE" total should be +28 and not a +24 as is presently reflected on my Custody Classification.

(3) Hannon has me scored 7 points for "VIOLENCE" in the "BASE SCORING" section of the Custody Classification. This is in error. According to P.S. 5100.07, Chapter 8, page 8, I cannot be scored for violence, as there was no judicial finding of guilty and **I have no prior record.** P.S. 5100.07, Ch.8, Pg. 8, specifically states that **there must be a judicial finding of guilt.** Therefore, I must be scored a 0 in this category.

5 U.S.C. § 552a prohibits the Bureau of Prisons from utilizing a police report or a section in the PSI in order to make a detrimental or adverse determination against an inmate. If the inmate contests the factual accuracy of the information, then pursuant to 5 U.S.C. § 552a, the Bureau of Prisons must independently verify the information. This means that the Bureau may not take the probation officer's word for it, but must independently verify the accuracy of the information themselves. see e.g. Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992).

An independent verification of this information from the courthouse records, would reveal that I was never convicted of any offense whose offense conduct was knocking a person unconcious and sending him in an ambulance to the hospital.

Therefore, I request that my Custody Classification be correctly scored.

Reg. No.: 11666-055
MCK 393578-F1

---

Part B - Response

This is in response to your Request for Administrative Remedy receipted in my office on October 19, 2005, in which you complain your Custody Classification points are not correct and have been scored in violation. Specifically the Responsibility section currently scored with 2 points, Drug/Alcohol Abuse scoring and the Violence section currently scored with 7 points. You request your Custody Classification be scored correctly.

Program Statement 5100.07 <u>Security Designation and Custody Classification Manual</u> states, responsibility is based on number of points reflecting the inmate's demonstrated responsibility during the past 12 months, which is based on the inmate's general demeanor as reflected in peer group associates, degree of program involvement, level of dependability, and nature of interaction with staff and other inmates. Investigation reveals you have not participated in any programs since October 14, 2003 and you are not currently participating in any class.

The Drug/Alcohol Abuse scoring section states, the score of 4 is used for an inmate who was convicted of Drug Trafficking one year ago and his Presentence Report (PSI) reflects no history of drug use. Your PSI reflects a history of drug use. You started using marijuana at the age of 14, cigarettes laced with cocaine at the aged of 18, and by age 11 you began using alcohol until your arrest for the instant offense on a daily basis.

The scoring of points for violence, you state there was no judicial find of guilt when you were arrested. According to your PSI on January 1, 2001, you were arrested for Harassment 2nd degree, in which the victim was beaten unconscious and had to be transported to the hospital by ambulance. The sentence imposed on March 14, 2001, was conditional discharge and a fine of $60.00. The aggressive or intimidating behavior which is likely to cause bodily harm or death and the imposed fine of $60.00 determined you be scored as serious with 7 points. I find the unit team's scoring of your custody classification for the responsibility, drug and alcohol abuse, and violence to be appropriate and according to policy.

Based on the above information, your Request for Administrative Remedy is denied.

In the event you are not satisfied with this response, you may appeal within twenty (20) calendar days from the date of this response by submitting a BP-DIR-230 to the Regional Director.

_11/23/05_
Date

James F. Sherman, Warden

# DOCUMENT 2b

**U.S. Department of Justice**

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __STEELE, Darryl__     __11666-055__     __AA__     __FCI McKean__
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A—REASON FOR APPEAL** - This is in appeal of the attached BP-09 (BP-229(13)). The response of the Warden is in error and violates Program Statement 5100.07, as well as Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992). The alleged alcohol/drug abuse information which the Warden claims is in my PSI, is incorrect. I do not have a history of drug abuse, nor do I have a history alcohol abuse. Under Sellers, the Bureau of Prisons is obligated to independently verify this information before they use it to the detriment of the inmate. Simply referring to the PSI or calling the Probation Officer to "verify" this information is not sufficient under Sellers. Second, the offense conduct which the Bureau is giving me 7 points for purported violence. The information that the Bureau is using to raise my security level, to my detriment, is incorrect. Under Sellers, the Bureau is obligated to independently verify this information. Under Sellers use of the PSI or simply contacting the Probation Officer who wrote the PSI is not sufficient to verify this information. The Bureau cannot verify this information, as there is no court in the State of New York where one would find that I was convicted of an offense which included the offense behavior which the warden described in his response.

(continued next page)

__11-28-05__     __[signature]__
DATE     SIGNATURE OF REQUESTER

**Part B—RESPONSE**





_____     _____
DATE     REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

CASE NUMBER: __393578-R1__

FIRST COPY: REGIONAL FILE COPY

CASE NUMBER: _____

**Part C—RECEIPT**

Return to: _____     _____     _____     _____
LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

RECEIPT OF REGIONAL APPEAL     BP-230(13)
APRIL 1982

Regional Administrative Remedy Appeal
STEELE, Darryl, 11666-055, Unit AA, FCI McKean
CONTINUATION

Part A - REASON FOR APPEAL (Continued) -

Third, the Warden is in error on his response concerning my "Responsibility" points in the "Custody Scoring" section of the Custody Classification Form. The record is clear that I have demonstrated good responsibility, and therefore deserve to be scored a 4 in this area. Since my arrival at FCI McKean, I have participated in, and have graduated from; (a) VT-Hydroponics; (b) VT-Computers; (c) G.E.D.; (d) CDL [ACE] Class; (e) Parenting Class; (f) Victim Impact Class; and (g) DAP class [twice]. In addition, I have not received any disciplinary reports, or any other disciplinary action, and I have been FRP compliant. Thus, my behavior has been exemplary, and my Responsibility is excellent, and therefore I should have been scored a 4 rather than a 2.

I have been scored points for Drug/Alcohol Abuse (as described above). Pursuant to P.S. 5100.07 I should not be scored these points. I have utilized alcohol in a lawful manner, as a social drinker. I have never abused alcohol, nor have I been arrested for an alcohol related offense, nor has the usage of alcohol contributed to any unlawful behavior. According to P.S. 5100.07, I should have been scored a 4 under this category, rather than the points presently scored. Moreover, contrary to the Warden's assertions otherwise, teenage experimentation with marijuana/lsd, does not constitute "abuse" within the meaning of P.S. 5100.07.

I have been scored 7 points for "Violence" in the "Base Scoring" section of the Custody Classification form. As described above, this is in error. According to P.S. 5100.07, Chapter 8, page 8, I cannot be scored for violence, as there was no judicial finding of guilt for violence or violent acts, and I have no prior record. P.S. 5100.07, Ch. 8, page 8, specifically states that there MUST be a judicial finding of guilt. Therefore, I must be scored a 0 in this category.

5 U.S.C. § 552a prohibits the Bureau of Prisons from utilizing alleged police reports or PSI sections in order to make a detrimental or adverse determination against an inmate, if the inmate contests the factual accuracy of the information. Pursuant to 5 U.S.C. § 552a, the Bureau must independently verify the information, absent the PSI and the Probation Officer. Sellers, supra.

Therefore, I request that the decision of the Warden be overturned, and that my custody classification form reflect a correct scoring absent the above mistakes presently on the form.

**STEELE, Darryl**
Reg. No. 11666-055
Appeal No. 393578-R1
Page One

---

### Part B - Response

In your appeal, you state there is inaccurate information on your Custody Classification form (BP-338). You claim the alcohol/drug information used is inaccurate and claim you do not have a history of alcohol or drug abuse. You also state you should be scored with no history of violence and receive four points for good responsibility. You state you have enrolled in several educational courses, paid your fine and have not been a disciplinary problem. You request your BP-338 be updated to reflect no history of drug abuse, no history of violence and your responsibility rating be changed to good.

Program Statement 5100.07, <u>Security Designation and Custody Classification Manual</u> states, responsibility is based on the inmate's general demeanor as reflected in peer group associates, degree of program involvement, level of dependability, and nature or interaction with staff and other inmates. As indicated by the Warden, you have not participated in any educational programs since October 2003, and are not currently participating in any classes. The above policy also states history of violence is determined by considering those acts for which there are documented findings of guilt. History of violence includes the individual's entire background of criminal violence, excluding the current term of confinement. On January 1, 2001, you were found guilty of Harassment, Second Degree, wherein the victim was beaten unconscious and had to be transported to a hospital by ambulance. Finally, the Drug/Alcohol Abuse scoring states, the score of four is used for an inmate who was convicted of Drug Trafficking one year ago and his Pre-Sentence Report (PSR) reflects no history of drug use and an enjoyment of social drinking on a periodic basis. According to your PSR, you started using Marijuana at the age of 14, cigarettes laced with Cocaine at the age of 18, and by age 11, you began using alcohol on a daily basis until your arrest for the instant offense. Based on the above, we concur with the Warden's assessment regarding the scoring of your BP-338. You provide no support or evidence for your claim the PSR information is incorrect. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: December 29, 2005

D. SCOTT DODRILL
Regional Director

DOCUMENT 2c

| U.S. Department of Justice | Central Office Administrative Remedy Appeal |
|---|---|
| Federal Bureau of Prisons | |

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __STEELE, Darryl__       __11666-055__       __AA__       __FCI McKean__
LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION

**Part A—REASON FOR APPEAL** - This is in appeal from the response of the Regional Director. First, the Regional Director states that I do not provide any support or evidence that the PSR information is incorrect. Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992) holds that when an inmate contests the factual inaccuracy of information in the PSR, that the Bureau of Prisons must independently verify said information. Moreover, under Sellers the Bureau is obligated to correct any information they find wrong. This independent verification cannot be had simply by contacting the probation officer (or office) which compiled the report. It should be stated that there is no State court, within the State of New York, whose records would verify the asinine allegations contained, allegedly, in the PSR, and utilized in an erroneous, capricious and arbitrary manner by the Bureau. Therefore, this information cannot be utilized by the Bureau to my detriment.

(continued next page)

__01-05-06__       __[signature] Darryl Steele__
DATE       SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

_____       GENERAL COUNSEL
DATE                        CASE NUMBER: __3935784-A1__
SECOND COPY: REGIONAL FILE COPY

**Part C—RECEIPT**       CASE NUMBER: _____

Return to: _____   _____   _____   _____
          LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.       UNIT       INSTITUTION
SUBJECT: _____

_____       _____
DATE                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL       BP-231(13)
USP LVN                                                                    APRIL 1982

STEELE, Darryl
Reg. No. 11666-055
Page One

---

**Part A - Reason for Appeal (continued)**

Second, the Regional Director ("RD") is in error concerning the points for responsibility within the "custody scoring" section of the BP-338. Since my arrival at FCI McKean, I have done nothing but demonstrate "good" responsibility. I therefore deserve to be scored a **4** in this area. Since my arrival I have participated in, and gradutated from; (1) VT-Hydroponics; (2) VT-Computers; (3) G.E.D.; (4) CDL (ACE Class); (5) Parenting Class; (6) Victim Impact Class; and (7) I have taken the DAP class twice. Moreover, I have not received any incident reports. If this behavior does not reflect an excellent general demeanor, an excellent degree of program involvement, an excellent level of dependability, and an excellent nature of interaction with staff and other inmates, then there is no way of any inmate satisfying these requirements.

Third, the points scored for purported Drug/Alcohol Abuse on the BP-338, is in error. (1) I have utilized alcohol in a lawful manner, as a social drinker. I have never abused alcohol, nor have I been arrested for an alcohol related offense, nor has the usage of alcohol contributed to any criminal behavior. Therefore, I should have been scored a **4** in this section, according to PS 5100.07. (2) The PSR is in error concerning any alleged abuse of marijuana at the age 14, or the purported usage of cigarettes laced with cocaine at the age of 18, or the use of alcohol, daily, by the age of 11. This is in error, and is being applied in an erroneous, arbitrary, and capricious manner.

Finally, I have been scored **7** points for "VIOLENCE" in the "Base Scoring" section of the BP-338. This is also in error. According to PS 5100.07 I cannot be scored a **7** in this area, as there was **no judicial finding of guilt** for this alleged offense behavior. The Bureau cannot mix apples with oranges, so to speak, and make the glass slipper fit. The scoring of a 7 in this area violates PS 5100.07 for reasons already articulated in the attached BP-09 and BP-10.

5 U.S.C. § 552a prohibits the Bureau from utilizing information, alleged police reports, or PSR sections in order to make a detrimental or adverse determination against an inmate, if the inmate contest the factual accuracy of said information. Under Sellers it is enough that the inmate contest the information. The Bureau then **must** independently verify the information, absent the PSR and the probabtion office which the PSR originated.

Therefore, I request that the decision of the RD and Warden be overturned, and that the BP-338 Custody Classification Form be corrected and reflect an accurate scoring absent the serious mistakes presently reflected in the BP-338. Thank you.

Administrative Remedy No. 393578-A1
Part B - Response

You contend staff have incorrectly calculated the scores which determine your security designation and custody classification levels. You contend the Bureau of Prisons cannot utilize disputed information unless it is independently verified.

Our review of this matter reveals that both the Warden and the Regional Director have adequately addressed your concerns. The Warden have thoroughly addressed the security designation and custody classification scores you dispute. We concur with the responses provided at the institution and regional levels, and see no reason to elaborate further.

Additionally, inmate records have long been exempted from the amendment and/or correction provisions of the Privacy Act (5 U.S.C. § 552a(d)). Additionally, the maintenance and accuracy requirements of the Privacy Act (5 U.S.C. § 552a(e)(1) and (e)(5)) as referenced in Sellers v. Bureau of Prisons, 959 F.2d 307 (D.C. Cir. 1992) are no longer applicable because of an additional exemption issued in August 2002. Despite this, staff have considered your concerns and have communicated with the U.S. Probation Office as necessary to relay such concerns. To date, no credible information in support of your contentions has been received.

Your security designation and custody classification scores have been determined as provided in Program Statement 5100.07, Security Designation and Custody Classification Manual. You offer no credible evidence to support any conclusion to the contrary.

Your appeal is denied.

February 24, 2006
Date

Harrell Watts, Administrator
National Inmate Appeals