IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JAN 8 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Darryl Steele,        )
    Plaintiff,    )
                       )
vs.                   )   Civil Action no. 1:06-cv-866 JR
                       )
Federal Bureau of Prisons )
    Defendant.    )

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

    Plaintiff, comes before this district court through himself in response to the Defendant's Motion to Dismiss or In The Alternative For Summary Judgment and states the following in support of the district court not granting said motions, while scheduling this matter for jury trial for a jury determination. That the complaint as stated does state a claim upon which relief can be granted being just cause to deny summary judgment under F.R.Civ.P. Rule 56 and failing to state a claim under Rule 12(b)(6). In support of said claim Plaintiff states as follows:

1.    That a claim has been presented as it relates to the incorrect information contained in Plaintiff's central files. That if any claim by the Defendant that no claim existed, the evidence of such violation (which is being requested) does constitute a claim upon which relief can be granted. If any thing was left out of the original complaint in relation to this matter it is hereby clarified that it is the evidence of the violations that is requested establishing a claim upon which

(1)

relief can be granted. The government in its reponse on pg.12 ¶ 1 cites **Sellers** supra in part for its case law in support of its claim. In **Sellers** it was held that:

> ...the Privacy Act Section (e)(5) provides that each agency that keeps a system of records must "maintain all records ... with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination," Id at 959 F.2d 310 ¶6.

It is clear in the present case that this has not occurred, as a result of the incorrect information the BOP is liable to Plaintiff.

To further state a claim for damages the petitioner (Plaintiff) must show that the agency failed to maintain accurate records. In the present case this goes without question. The information used is from a report not from an actual conviction. This satisfies part one while the BOP being a Governmental "agency" is not exempted by self exemption from the provisions of 5 USC § 552a(g)(1)(C) which is a substantive issue with no intent present by Congress indicating the BOP is exempt. Part (2) of the test cited on Defendants response is clearly indicative of the willful and intentional conduct on the part of the BOP staff in its determinations of Plaintiffs point scoring. (3 part test from <u>Toolasprashad v. BOP</u>, 286 F.3d 576,582 DC Cir.02)

It is believed by Plaintiff that a liberty interest must also be shown to further state a claim. Due to the incorrect classification which resulted in Plaintiff now being unable to attent the required drug course, the result is another year Plaintiff will have to spend in prison due to the incorrect system information. There is a substantive claim present as well as a ruling counter to U.S.

Supreme Court precedent set out in <u>Shepard v. United States</u>, 161, L.Ed 2d. 205, 125 S.Ct. 1254. Present logic of the Court changed their previous holding in <u>Taylor v. United States</u>, 495 U.S. 575, 599 which for a 15 year run allowed the use of police reports, charging documents, statutory elements, and jury instructions for ACCA enhancements. Due to the fact that the courts cannot use this information for denying liberty interests how can the F.B.O.P. use this same information for making a liberty interest decision?

Other information contained in Plaintiff's records maintained by the FBOP include the alleged charges (not adjudicated) for assault abuses which were committed by Plaintiff's cousin who looks very much like Plaintiff. After the lower court discovered this mix-up the records of this matter were sealed. The contention that Plaintiff was abusing drugs is a matter with no basis in law or fact. Regardless of the alleged information being in the file, the Supreme Court in **Shepard** supra, ruled that the information could not be used by the lower courts. The fact that U.S. Supreme Court rulings are applicable across the board, the use of said restricted information by the Federal Bureau of Prisons would also be forbidden.

In comparing the Court's prior holdings on ACCA enhancements being a substantive issue base on prior adjudicated conduct applicable where proper indices have occurred, it would stand to reason that this holding was due to required procedural necessities of the U.S. Constitution. This based on a vested liberty interest which comes into play under due process protections. The same set of circumstances exist in the present matter with the denying of the drug program and the year it removes from the time to be served. This is a vested liberty interest which states a claim upon which relief can be granted.

(3)

The FBOP cites in its argument <u>Anderson v. Liberty lobby, Inc.</u>, 477 U.S. 242 (1986) as it relates to "A genuine issue of material fact is one that would change the outcome of litigation." In the present case the false information in Plaintiff's files is changing the outcome of any determinations made by the FBOP.

The FBOP further cites <u>Arizmendi v. Lawson</u>, 914 F. Supp. 1157, 1160-61 (E.D.Pa. 1996) as it relates to the use of files, records and letters. It would appear that **Shepard** supra would have over ruled this holding by the district court. It would appear in light of the Supreme Court rulings the FBOP argument thus far should fail. It would stand to reason that the FBOP's actions are willful and intentional.


2.   The contention that the FBOP is exempt from the statutory provisions from the privacy act claims should also fail. The claims that Plaintiff is time barred are also false which one need only review the Administrative Remedies to see the date of 11-28-2005 and the subsequent civil action all were filed when the false information was discovered to be hindering the process thru the prison system.

The claim that the FBOP is exempt from the provisions of 5 USCS § 552a would mean the Federal Statutes are not applicable to the FBOP which in turn would mean the FBOP would not have jurisdiction to imprison any one. The information requested is about the plaintiff who has no privacy concerns being the information at question is about Plaintiff. Being the Department of Justice has other provisions in Title 18 USCS § 922 amended section (g) concerning erroneous system information, and that the FBOP is part of the DOJ Plaintiff further

(4)

has statutorial standing to have the information corrected under Title 18. The exemption under the privacy act relates to information that if released would expose information related to others privacy interests. As previously stated the information is about Plaintiff with no relation to others. The information does not identify any informants, expose underhanded police procedures in the apprehension or investigation techniques or any other information that is not about Plaintiff. Even if the information did contain information about others the Liberty interest would outweigh any privacy concerns.

The BOP's contention the information requested is exempt under 28 CFR 16.97 is patently false. Section (a)(8) reads as follows:

> (8) Federal Tort Claims Act Record System (JUSTICE/BOP-009). These exemptions apply only to the extent that information in these systems is subject to exemption pursuant to 5 USCS § 552 a(j).

The records requested are about Plaintiff as previously stated and are not creating by their disclosure any privacy issues related to anyone other than Plaintiff. This act of non disclosure on the part of the government clearly demonstrates the willful intent to not correct the incorrect records. To not correct information known or should have been known to be incorrect is intentional conduct describded in 552a while being further actionable under Title 18 USCS § 922 amended section (g). For an agency to be informed that information was in correct contained in their files then chose not to make attempts to ascertain it's correctness or correct it for no other reason than the information would change a prior decision, is a showing that the agencies conduct was intentional and willful, resulting in harm to the Plaintiff. The fact that the sentencing court failed to remove this information is a showing of a **Shepard** supra violation while est-

(5)

ablishing a claim upon which relief can be granted.

3.   Plaintiff has a claim under 28 CFR 16.97(j) i.e. the sections listed 552a(e)(1) & (e)(5) which are as follows:

> **(e)(1)** maintain in its records only such information about an individual as is relevant and necessary to accomplish a purpose of the agency required to be accomplished by statute or by executive order of the President;
>
> **(e)(5)** maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness to the individual in the determination;

In the present case the requirements by statute are the reasons for the determination for any programs allowed to be, or required to be attended by Plaintiff. There is possibly a chance this may cause the information to be excluded from the FOIA request except for the provisions in (e)(5). In (5) the agency maintaining records used in making "any" determination (emphasis added) about an individual and to assure fairness are required that the information be accurate, relevant, be timely and complete. The present determination by the BOP is lacking in all of the foregoing requirements which would state a claim upon which relief can be granted due to the infomation used failing all (4) requirements. The case law cited in the BOP's response is not accessible by Plaintiff and even so Plaintiff has shown why the BOP's rebuttal should fail, and a claim be established due to in part on the fact the records are not accurate.

4.   Though Plaintiff is not exactly sure what procedural violations have occurred, the case cited by the BOP in its response <u>Franklin v. District of Columbia</u>, 163 F.#d 625 634-35 (D.C. Cir. 1998) concerning

(6)

custody and other related determinations by the BOP. The argument being that an adverse custody determination is being rendered by the FBOP resulting in an incorrect determination on a reduction in custody which is resulting in more time spent in prison. Even if the FBOP claims there is no Due Process Claim there are other Constitutional claims (procedural) under the 1st, 8th, & 14th Amendments as held in <u>Sandin v. Conner</u>, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), Id at [10a & 10b] pg. 421 Led.2d.

The government cites in its argument on pg. 15 ¶2 ...that custody classification is the procedure whereby inmates are assigned to levels according to their criminal histories... In the present case the "history" is the issue at question. With the history incorrect there cannot be any fair determination of the custody level. There has not been any documentation generated by the BOP to show why incorrect information has been used in its determinations.

At this point Plaintiff would request of this court upon its own motion that a detailed **Vaughn** Indexing be required by the BOP before any final determinations are made concerning this present litigation. If on the alternative the district court chooses not to act on its own motion that Plaintiff will submit a **Vaughn** Indexes Motion per <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir.1973), cert den., 415 U.S. 977 (1974).

Another point of concern by Plaintiff in the FBOP response on pg. 17 as it relates to the contention Plaintiff is requesting some sort of specific transfer to a specific prison. It is only required that attendance of the ordered drug program be allowed and the year off the sentence which comes with completion. This is a vested liberty interest and 365 days of incarceration is a substantial period of time

to spend incarcerated base on incorrect information which adversely effected the determination regarding custody status. The FBOP on pg. 17 ¶2 of their memorandum states that "Plaintiff has not alleged nor can he produce evidence establishing how his custody classification scoring or his designation to FCI Mckean has resulted in atypical and significant hardship in relation to the incidents of prison life." His scoring based on incorrect information will effect all aspects of his journey thru the system. When he could be placed in a low or a camp this would be hindered due to the false information which will cause a higher level of security inturn resulting in the inability to enter programs which can remove a substantial portion of Plaintiff's sentence. The stress associated with long durations of incarceration is a hardship made worse by the extented time in prison.

    The FBOP continues on, "See Ali v. Gibson, 631 F.2d at 1135 (If the prisoner can be lawfully held in the facility to which he has been transferred, he cannot object to that transfer, even if the transfer results in his being placed in a more restrictive or less accessible facility).... The answer by Plaintiff to this and the previous claim by the FBOP can be found in the FBOP response **Sandin** supra at 487 pg. 17 ¶1 ...or if the government's action will inevitably affect the duration of the inmate's sentenct. Id at 487.

    As the FBOP aptly put it there is a definite effect upon Plaintiff's sentence due to the determination based on the incorrect information. On this Plaintiff has clearly established the prejudice he will suffer as a result of the incorrect information contained in his central file. On this Plaintiff has established several claims as well as reasons the FOIA information should be turned over by the FBOP.

## CONCLUSION

In conclusion Plaintiff respectfully requires the district court to deny the Defendant's Motions. That dismissal of the summary judgment and denying of the motion for dismissal are appropriate actions by this Honorable Court. That Plaintiff has made numerous claims and supported them. He has filed timely even though the Defendant's claim a (2) year limitation of actions when in the present case it is (6) years. That Plaintiff has shown his situation to be different than those referred to by the Defendant's in their supporting case law. It is based on the foregoing that Plaintiff moves this district court to grant the information requested, or in the alternative the monetary relief sought in his original petition.

Respectfully submitted,

_____
Darryl Steele    Pro se

## CERTIFICATE OF SERVICE

This is to certify that the foregoing is true and correct to the best of my ability and knowledge under penalty of perjury. That same was sent postage prepaid to all parties of record on this the 1st day of January, 2007, addressed as follows:

                                                        Respectfully submitted

                                  _____ Pro se
                                  Darryl Steele #11666055
                                  Federal Correctional Institution, Mckean
                                  P.O. Box 8000
                                  Bradford, Pa.   16701

cc: Office of the Clerk
    U.S. district Court for the
    District of Columbia
    333 Constitution Avenue, N.W.
    Washington, D.C.   20001-2866

:   Diane M. Sullivan
    Assistant United States Attorney
    Judiciary Center Building
    555 Fourth Street, N.W.
    Room E4919
    Washington, D.C.   20530

: file